UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**VIVEK SHAH,**
    Petitioner,

v.                                                                                **Case No. 18-7990**

**RICHARD HART,**
    Respondent.

## VERIFIED EMERGENCY MOTION FOR IMMEDIATE RELEASE OF PETITIONER UNDER THE *FIRST STEP ACT*

*Relief Sought*

I am requesting the Court to grant me immediate release from the custody of the BOP as a result of the December 21, 2018 enactment of the *First Step Act* ("FSA"), which provides me with an extra 7 days of good conduct time ("GCT") credits for the 87-month term of imprisonment that I am currently serving.

*Grounds for Relief*

1) On August 10, 2012 I was arrested for conduct which resulted in my instant conviction and sentence. On September 11, 2013 I was sentenced by the United States District Court for the Southern District of West Virginia, Beckley Division to an 87-month term of imprisonment.

2) My release date originally was December 3, 2018; however, due to a loss of 72 days' GCT during my incarceration as a result of a disciplinary action, my release date was changed to February 4, 2019.

3) On December 21, 2018 President Trump signed into law the FSA, which includes, inter alia, a section which provides all federal inmates with an extra 7 days' GCT credits per year for each year of the term of imprisonment. Prior to its passage, section 3624(b) provided:

> "a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."

The First Step Act made the following amendments, inter alia:

> (i) by striking ", beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," and inserting "of up to 54 days for each year of the prisoner's sentence imposed by the court,";

> (ii) by striking "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence" and inserting "credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment"

4) Prior to the FSA, the BOP awarded only 47 days of GCT credits (which amounted to an inmate doing ~ 87.112% of his term of imprisonment) due to its statutory interpretation. As a direct result of the inconsistency between the congressional intent of providing inmates with 15% of GCT (i.e., doing 85% of his term of imprisonment) and the BOP's interpretation, the U.S. Congress amended that provision to remove any ambiguity.

5) When on December 21, 2018 the FSA went into effect it became the law of the land. Its application is retroactively applicable to all inmates held in the BOP. As a result of the FSA, on December 21, 2018 a recalculation of my release date would yield **December 18, 2018** as my release date. Therefore, the day the law went into effect on December 21, 2018 I should have been released immediately.

6) In late afternoon of December 21, 2019, I called the BOP's Designation and Sentence Computation Center ("DSCC") in Grand Prairie, TX since a recalculation of my release date

had not yet been completed. I was advised that the BOP was "waiting on a directive" (presumably from the BOP's Central Office or the DOJ) and was also told that the DSCC did not know when a directive would be provided to them. So basically, it appears to me that the BOP has not implemented the law despite it already going into effect. I am still in the custody of the BOP when I am supposed to be released. The BOP has failed to prepare itself in anticipation of the FSA's passage in the last few months and now I am not being released in accordance to the law.

7) I was supposed to be released *before* Christmas and it now appears that I will be released *after* Christmas – in violation of the current laws of the United States.

## *Conclusion*

For the foregoing reasons I respectfully request the Court to grant this Motion/habeas petition in-part so that I could be released immediately.

Dated: December 22, 2018

Respectfully submitted,

/s/ Vivek Shah
VIVEK SHAH
825 N Christiana Ave.
Chicago, IL 60651

## **VERIFICATION OF FACTS**

I, Vivek Shah, declare under the penalty of perjury that the facts contained in this document are true and correct to the best of my knowledge.

Executed on December 22, 2018

/s/ Vivek Shah

VIVEK SHAH